Todd Blanche
Acting Attorney General of the United States
Thomas J. Hanlon
Assistant United States Attorney
Eastern District of Washington
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | NO:  1:25-CR-02065-SAB |
|---|---|---|
| Plaintiff, | ) ) ) ) | PLAINTIFF'S SENTENCING MEMORANDUM |
| vs. | ) ) | |
| ANTONIO MONTELLANO, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, United States of America, by and through Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

OFFENSE LEVEL & CRIMINAL HISTORY

The United States agrees with the calculations in the Presentence Investigation Report ("PIR"), the Total Offense Level is 35, the Criminal History Category is VI, and the advisory guideline range is 292-365 months.

Government's Sentencing Memorandum          1

Here, the parties have agreed to recommend that the Court impose a sentence of 240 months confinement.[1]

II.

DEPARTURES

The government is not recommending a departure from the guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The current offense is serious.  Here, the Defendant and the victim were acquaintances.  The Defendant visited the victim's residence and methamphetamine was ingested.  Ultimately, the Defendant and the victim had an argument.  During the argument, the Defendant picked up a shovel and struck the victim multiple times.  The victim fell to the ground.  The Defendant stole the victim's phone, covered the victim with a blanket, and fled.  The victim's body was discovered a couple of days after the murder.  Forensic Pathologist Reynolds

---

[1] ECF No. 18.

Government's Sentencing Memorandum            2

determined the cause of death to be head trauma caused by a rigid, hard object. Reynolds observed extensive scalp lacerations and several skull fractures.

Agent R. Gutierrez ("Agent Gutierrez") of the Federal Bureau of Investigation ("FBI") was contacted and traveled to the crime scene. Agent Gutierrez conducted multiple interviews and processed the crime scene. Agent Gutierrez discovered that the victim's phone was missing. Agent Gutierrez placed a call to the victim's phone. The Defendant answered the call and provided a fake name. Agent Gutierrez attempted several more calls, but the Defendant did not answer the phone. Agent Gutierrez ultimately compared phone data to Flock camera footage and identified a suspect vehicle. The suspect vehicle was registered to the Defendant.

Agent Gutierrez conducted multiple interviews of friends and family members of the Defendant. Agent Gutirrez learned that the Defendant had fled to Mexico. On March 17, 2025, a family member called the Defendant at the request of Agent Gutierrez. The phone call was recorded. During the phone call, the Defendant confessed to killing the victim.

On March 26, 2025, Mexican officials removed the defendant from Mexico. The Defendant was arrested upon his return to the United States. Agent Gutierrez interviewed the Defendant. The Defendant denied knowledge of the crime. Agent

Government's Sentencing Memorandum                    3

Gutierrez played a portion of the March 17, 2025 recorded phone call. After hearing the call, the Defendant confessed.

At the time of the incident, the Defendant was serving a term of supervised release. The Defendant has two prior convictions for serious drug offenses.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. A term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. The United States submits that a sentence of 240 months imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his prior drug convictions, the Defendant has not been deterred from engaging in criminal activity. In 2013, the Defendant was sentenced to 144 months imprisonment. Upon his release from prison, the Defendant relocated to the Eastern District of Washington. Here, the United States submits that a term of imprisonment is required.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community. Here, the Defendant beat the victim with a shovel resulting in death. The Defendant did not attempt to obtain

medical help for the victim.  Rather, the Defendant fled the area and then fled the country.  The United States submits the only way to protect the public is to impose a 240 month term of incarceration.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of educational training.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 240 months confinement to be followed by 5 years of supervised release. Furthermore, the government recommends that the Court order restitution in the following amounts:  (1) $5,839.97 to the Crime Victims Compensation Program; and (2) $6,000 to the Yakama Nation Pinashukt for burial assistance.

Respectfully submitted this 1st day of July 2026.

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Ulvar Klein

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA     98901
(509) 454-4425

Government's Sentencing Memorandum                6